IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

RONALD SATISH EMRIT,
a/k/a "Satish Dat Beast,"
a/k/a "Go Go Satish,"

      Plaintiff,

v.

SABRINA CARPENTER,
THE GRAMMYS/RECORDING
ACADEMY;
JUSTICE KETANJI BROWN-
JACKSON;
LADY GAGA;
VIVENDI UNIVERSAL;
UNIVERSAL MUSIC GROUP
(UMG);
NBC UNIVERSAL;
GENERAL ELECTRIC;
RCA;
COMCAST;
RECORDING INDUSTRY
ASSOCIATION OF AMERICA
(RIAA);
CARY SHERMAN,

      Defendants.

Case No. 26-CV-00362-SEH-MTS

## OPINION AND ORDER

Before the Court is Plaintiff Ronald Satish Emrit's complaint [ECF No. 2]

and motion to proceed *in forma pauperis* [ECF No. 3]. For the reasons set out

below, the Court grants Plaintiff's motion for leave to proceed *in forma*

*pauperis* and dismisses his complaint without prejudice.

## I. Background

Plaintiff, proceeding pro se, brings allegations of defamation, public nuisance, industrial espionage, and tortious interference with business relations/contracts against various music recording artists, recording companies, and a Supreme Court Justice. [ECF No. 2]. Plaintiff seeks $500 billion dollars in money damages and a preliminary injunction prohibiting Defendants "from advertising to the plaintiff on Cable TV broadcast." [*Id*. at 8–9].

Plaintiff alleges that "the Grammys and its recording artists like Sabrina Carpenter and Lady Gaga are committing defamation (libel and slander) and/or the dignitary tort of the invasion of privacy by talking about President Donald John trump [sic] in a negative manner …." [ECF No. 2 at ¶ 30]. He further avers that "the Grammys have become a public nuisance to everybody in the worl [sic] who understands that neither Los Angeles nor network TV (CBS) has any influence over a new music business …." [*Id*. at ¶ 31]. Plaintiff claims that "the Grammy Awards and network TV (ABC, CBS, NBC, Fox) are committing industrial espionage by trying to compete with a new music business with their outdated shows … which have a circus-like atmosphere and from which nobody ever becomes a star." [*Id*. at ¶ 32]. And finally, Plaintiff contends that "larger companies like NFL and Toyota try to interfere with smaller companies like Ditto Music by trying to monopolize

Amazon, Apple, and YouTube … to drive small companies like independent musicians out of the market so that it would benefit major record labels ….” [*Id*. at ¶ 33]. Notably, Plaintiff makes no specific factual allegations against Justice Ketanji Brown-Jackson, Vivendi Universal, Universal Music Group, NBC Universal, General Electric, RCA, Comcast, Recording Industry Association of America, or Cary Sherman.

## II. Discussion

Plaintiff moves to file his action *in forma pauperis*. [ECF No. 3]. He states that he has a net income of approximately $250 per month and essentially no savings or assets. [ECF No. 3]. Based on the representations set forth in Plaintiff's motion, the Court finds that it should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed *in forma pauperis* excuses only prepayment of the fee, Plaintiff remains obligated to pay the full $350 filing fee when he is able. *See Brown v. Eppler*, 725 F.3d 1221, 1230–31 (10th Cir. 2013) (noting that authorization to proceed *in forma pauperis* only excuses prepayment of the filing fee). Because the Court authorizes Plaintiff to proceed without prepayment, he is not required to pay the $55 administrative fee.

As Plaintiff has obtained leave to file *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e). *Lister v. Dep't of Treasury*, 408

F.3d 1309, 1311 (10th Cir. 2005). Section 1915(e)(2) requires a district court to dismiss a case if at any time the court determines that "the action … (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted." The Court construes Plaintiff's pro se filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### A. Plaintiff's Complaint is Frivolous

"[D]istrict courts have the authority and responsibility to ensure frivolous cases are dissuaded." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 647 (2015). "[T]he right of access to the courts is neither absolute nor unconditional … and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted). "[A] complaint … is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term "frivolous" also "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* However, a claim is not necessarily frivolous because it fails to state a claim under Fed. R. Civ. P. 12(b)(6). *Id.* at 327–330.

Plaintiff's complaint is plainly frivolous. It names 12 defendants but fails to allege any factual allegation against nine. Plaintiff states that he "is a musician who conducts business with Amazon through Ditto Music of England." [ECF No. 2 at ¶ 33]. He alleges that the Grammys, Sabrina

4

Carpenter, and Lady Gaga have committed libel and slander by talking about the President "in a negative manner," that the Grammys are a public nuisance, the Grammy Awards and network television have committed "industrial espionage" by trying to compete with an internet-based music business like Ditto, and that "larger companies … try to interfere with smaller companies …." [*Id.* at ¶¶ 30–33]. Because Plaintiff's claims have no basis "either in law or in fact," *Neitzke*, 490 U.S. at 325, the complaint is frivolous and should be dismissed.

### B. Venue is not Proper in the Northern District of Oklahoma

Venue is also not proper in this district. Venue ordinarily exists in a district (1) where any defendant resides (if all defendants are residents of the state in which the district is located); (2) where a substantial part of the events occurred; or (3) where any defendant is subject to personal jurisdiction, if the action could not otherwise be brought elsewhere. 28 U.S.C. § 1391(b). Under § 1915, a "district court may consider personal jurisdiction and venue *sua sponte* only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quotation and internal quotation marks omitted). Thus, dismissal for improper venue under § 1915 is appropriate only "if it is clear that the plaintiff can allege no set of facts … to support personal jurisdiction or venue." *Id.* (cleaned up).

Here, Plaintiff states that venue is proper in this district "pursuant to 28 U.S.C.A. Sections 1391 and 1400." [ECF No. 2 at ¶ 22]. But he has not alleged that the Northern District of Oklahoma is where any defendant resides, where any of the events occurred, or where any of the defendants are subject to personal jurisdiction. Further, 28 U.S.C. § 1400 relates to civil actions pertaining to patent infringement, copyrights, or exclusive rights in mask works or designs —none of which apply to this matter. Therefore, Plaintiff has identified no arguable basis to sue in the Northern District of Oklahoma.

As this district is an improper venue for Plaintiff's action, the Court may dismiss the action or transfer it to a different venue if the transfer is in the interest of justice. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The Court finds that transferring Plaintiff's action to another district would not serve the interests of justice. As explained above, Plaintiff's complaint is frivolous. Plaintiff also has a history of filing frivolous suits across the nation, and has been subjected to filing restrictions in multiple other courts. *See Emrit v. Grammy Awards*, No. 3:23-CV-00304-MPM-RP, 2023 WL 8654924, at *1 (N.D. Miss. Dec. 14, 2023) (placing Plaintiff on filing restrictions when he "filed four

similarly frivolous cases in this district … and over 300 lawsuits nationwide."); *Emrit v. Bd. of Immigr. Appeals*, No. 2:22-CV-00110, 2022 WL 4287659, at *1 (S.D.W. Va. Mar. 31, 2022) (collecting cases)*, report and recommendation adopted*, No. 2:22-cv-00110, 2022 WL 3594518 (S.D.W. Va. Aug. 23, 2022); *Emrit v. Musk*, No. 3:25-cv-00007-RRB, 2025 WL 1105176, at *1 (D. Alaska Apr. 14, 2025) ("As a result of his litigation tactics, Plaintiff has been determined to be a vexatious litigant in at least six district courts, and the Ninth Circuit also has entered a pre-filing review order against Plaintiff.").

In this district, Plaintiff has been warned at least twice that filing another frivolous complaint may subject him to filing restrictions. *See Emrit v. Musk*, No. 25-CV-0016-CVE-MTS, 2025 WL 221990, at *3 n.4 (N.D. Okla. Jan. 16, 2025), *aff'd*, No. 25-5015, 2025 WL 1202111 (10th Cir. Apr. 25, 2025); *Emrit v. Obama*, No. 26-CV-00136-JDR-CDL, at *3 (N.D. Okla. Mar. 11, 2026). Plaintiff is warned once more that if he continues to file frivolous complaints in this district, he may be subjected to filing restrictions.

The Court finds that Plaintiff's complaint should be dismissed without prejudice, pursuant to § 1406(a) and § 1915(e). The complaint is dismissed without leave to amend, because any amendment would be futile.

## III. Conclusion

For the reasons set out above, Plaintiff's motion to proceed *in forma*

*pauperis* [ECF No. 3] is GRANTED and his complaint [ECF No. 2] is

DISMISSED without prejudice.

IT IS SO ORDERED this 23rd day of June, 2026.

Sara E. Hill
UNITED STATES DISTRICT JUDGE